IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SANFORD SANDY SATULLO II,**<br>1013 Hillsboro Mile<br>Hillsboro Beach, FL 33062<br><br>Plaintiff,<br><br>vs.<br><br>**ASSOCIATED BANC-CORP**<br>Via Registered Agent<br>C T Corporation System<br>301 S. Bedford St. Suite 1<br>Madison, WI 53703<br><br>and<br><br>**VILLAGE DISCOUNT OUTLET, INC.**<br>12914 S. Western Avenue<br>Blue Island, IL 60406<br><br>Defendants, | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>*Jury Demand* |

Plaintiff Sanford Sandy Satullo II ("Plaintiff" or "Mr. Satullo") brings the following Complaint against Associated Banc-Corp ("Associated Bank") and Village Discount Outlet, Inc. ("VDO") (collectively "Defendants"). The allegations in this Complaint are based on Plaintiff's knowledge, and he states and avers as follows:

## INTRODUCTION

1. This case is brought by an Officer of VDO and seeks a declaratory judgment from the Court finding that Mr. Satullo, as the Treasurer of VDO, with sole and exclusive authority to control the funds of the corporation as its Treasurer per VDO's By-Laws, must be granted authority over all of Village Discount Outlet, Inc.'s bank accounts.

## THE PARTIES

2. Mr. Satullo is a resident of Florida. He is VDO's Secretary and Treasurer and one of two members of VDO's Board of Directors.

3. Defendant Associated Bank is a Wisconsin Corporation. It was formed in 1964. Its principal place of business is located at 433 Main Street, Green Bay, WI 54301.

4. Defendant VDO is an Illinois Corporation. It was formed in 1961. Its principal place of business is located at 12914 S. Western Avenue, Blue Island, IL 60406.

## JURISDICTION AND VENUE

5. Plaintiff realleges and reavers each and every allegation contained in the above paragraphs as if fully rewritten herein.

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and because the object of this litigation, VDO's corporate bank accounts, have a value well exceeding $75,000, which satisfies the amount in controversy requirement. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977) (In a declaratory judgment action, the amount in controversy is measured by the value of the "object of the litigation.").

7. This Court has subject matter jurisdiction over Plaintiff's claims.

8. This Court has personal jurisdiction over Defendants.

9. Venue in the United States District Court for the Northern District of Illinois is proper under 28 U.S.C. § 1391(b)(2) because the transactions out of which the causes of action stated herein arose and took place, in relevant part, in Cook County, Illinois, within the Eastern Division of the Northern District of Illinois.

**FACTS**

10. Plaintiff realleges and reavers each and every allegation contained in the above paragraphs as if fully rewritten herein.

11. On or around July 18, 1961, VDO was organized with the Illinois Secretary of State.

12. At the 1993 Annual Meeting of the Shareholders, Mr. Satullo was elected as Secretary and Treasurer of VDO. (*See* 1993 Annual Special Meeting Minutes, attached hereto as Exhibit A.)[1]

13. Per VDO's By-Laws, as treasurer, Mr. Satullo shall "have charge and custody of and be responsible for all funds and securities of the corporation; receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation **in such banks**, trust companies or other depositaries as shall be selected in accordance with the provisions of Article V of these by-laws." (*See* VDO By-Laws, attached hereto as Exhibit B.) (Emphasis added.)

14. All of VDO's bank accounts are held with Associated Bank.

15. VDO's bank accounts contain funds exceeding $75,000, and the transactions going in and out of VDO bank account exceed $75,000 per year, making the value of the object of this litigation in excess of $75,000.

16. For the years leading up to the issues described in this Complaint, Mr. Satullo permitted others within VDO to operate and control VDO's bank accounts. Mr. Satullo carried out his duties and responsibilities as Treasurer by monitoring the company's operations and financial affairs. Mr. Satullo, however, recently discovered financial

---

[1] The Exhibits attached to this Complaint are being filed with the Court under seal through a separate motion.

impropriety within VDO, and as a result, requested that he be given authority over VDO's bank accounts in his capacity as Treasurer of VDO.

17. Mr. Satullo had previously been denied access to the VDO's corporate records, including VDO's By-Laws, after directing requests to VDO's Corporate Counsel and its President, James B. Stinnett ("Mr. Stinnett"). As part of a separate lawsuit against Mr. Stinnett for his inappropriate conduct as the President of VDO, Mr. Stinnett finally produced VDO's By-Laws to Mr. Satullo on October 30, 2020.[2]

18. On December 9, 2020, Mr. Satullo, by and through counsel, sent correspondence to Associated Bank explaining that VDO's By-Laws require that Mr. Satullo as Treasurer of VDO be granted access to and authority over all VDO bank accounts. (*See* December 9, 2020 letter, attached hereto as Exhibit C.)

19. But after Mr. Satullo advised Associated Bank of his Officer position and authorities provided to him by VDO's By-Laws, Associated Bank declined to add Mr. Satullo to VDO's bank accounts for reasons that were never explained. Mr. Satullo has a good faith belief that Associated Bank capitulated to the demand(s) and objection(s) asserted by Mr. Stinnett, that Mr. Satullo not be granted such authority.

20. Pursuant to VDO's By-Laws, however, the President of VDO does not have authority to deny the Treasurer of VDO (*i.e.*, Mr. Satullo) access and authority over VDO's bank accounts, nor does the President of VDO have authority to modify or amend the terms

---

[2] This lawsuit is captioned *Sanford Sandy Satullo II v. James B. Stinnett.*, Case No. 2020 CH 04110 and is pending in Cook County, Illinois. It involves claims asserted by Mr. Satullo and other members of the Satullo family, against Mr. Stinnett for breach of fiduciary duty/self-dealing, distribution, unjust enrichment, accounting, and judicial dissolution. This state court lawsuit involves different parties (*i.e.*, it does not involve Associated Bank), involves different issues (*i.e.*, it involves allegations of wrongdoing directed against Mr. Stinnett and seeks damages for his improper actions), involves different claims (*i.e.*, it does not involve a claim for declaratory judgment related to Mr. Satullo's rights as the Treasurer of VDO), and will not dispose of the claims presented in this Complaint.

4

of the By-Laws. The Board of Directors has authority to modify or amend the terms of VDO's By-Laws. (*See* Exhibit B, at p. 14, Article XI.)

21. VDO's Board of Directors consists of Mr. Satullo and Mr. Stinnett. (*See* December 15, 2013 Annual Special Meeting of Shareholders of Village Discount Outlet, Inc., attached hereto as Exhibit D, at p. 2.)

22. The Board of Directors has never modified or amended the By-Laws to remove, modify, or amend Mr. Satullo's authorities as Treasurer of VDO.

23. Because Associated Bank has refused to honor Mr. Satullo's request, Associated Bank has denied Mr. Satullo the rights and authorities provided to him through VDO's By-Laws. This has harmed Mr. Satullo because he is being prevented from carrying out his duties and responsibilities as Treasurer of VDO, and it has allowed VDO to issue checks and make payments out of VDO's bank accounts that appear to have no legitimate business purpose. For example, VDO has made improper payments to Joanne Griffin (appr. $75,500 in 2021), has made improper payments to James B. Stinnett (approx. $80,000 in 2021), has made improper payments to Teton Dataworks, Inc. (approx. $57,000 in late 2020/early 2021), among others.

24. Mr. Satullo is entitled to a declaratory judgment finding that he, as Treasurer of VDO, is entitled to be given access to and authority over VDO bank accounts.

**COUNT I**
(Declaratory Judgment)

25. Plaintiff hereby incorporates by reference all prior statements and allegations set forth above as though fully rewritten herein.

26. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of

5

any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

27. As the Treasurer of VDO, Mr. Satullo has a legal and tangible interest in exercising his rights and powers as an Officer of VDO, which includes his right to "be responsible for all funds and securities of the corporation…receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation **in such banks**…" (See Exhibit B.)

28. Defendants have an opposing interest as they refuse to allow Mr. Satullo access to VDO's bank accounts.

29. These competing interests regarding whether or not Mr. Satullo should be given authority over VDO's bank accounts have created a substantial controversy between the parties regarding their rights and obligations under the VDO By-Laws, and this declaratory action will settle this controversy by clarifying the legal relations at issue.

## COUNT II
(Tortious Interference with Business)

30. Plaintiff hereby incorporates by reference all prior statements and allegations set forth above as though fully rewritten herein.

31. Mr. Satullo has a valid business relationship with VDO.

32. Associated Bank knew that Mr. Satullo had, and has, a valid business relationship with VDO, knew that Mr. Satullo was the Treasurer of VDO, and knew that Mr. Satullo, in his capacity as Treasurer of VDO, had/and has the right to "be responsible for all funds and securities of the corporation…receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation **in such banks**…" (See Exhibit B.)

6

33. Associated Bank intentionally and unjustifiably denied Mr. Satullo access and authority over VDO's bank accounts in his capacity as Treasurer of VDO.

34. By denying Mr. Satullo access and authority over VDO's bank accounts in his capacity as Treasurer of VDO, Associated Bank has caused a breach of VDO's By-Laws.

35. As a direct and proximate cause of Associated Bank's actions, Mr. Satullo has been harmed and damaged.

WHEREFORE, Mr. Satullo requests that this Court enter a declaratory judgment, finding and declaring as follows:

> A. Defendants shall grant Mr. Satullo access to and authority over all of VDO's bank accounts; and
>
> B. Defendants shall terminate any person's authority over VDO's bank accounts, other than Mr. Satullo.

WHEREFORE, Mr. Satullo also requests judgment against Defendant(s) for damages, equitable relief, attorney's fees and costs, other items of damages proved at trial, and for any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: April 29, 2022                    Respectfully submitted,

                                         /s/ Nancy Hendrickson
                                         David A. Baugh (ARDC No. 6182391)
                                         Nancy L. Hendrickson (ARDC No. 6207710)
                                         **O'HAGAN MEYER LLC**
                                         One E. Wacker Drive, Suite 3400
                                         Chicago, IL 60601
                                         T: 312-422-6100
                                         F: 312-422-6110
                                         dbaugh@ohaganmeyer.com

nhendrickson@ohaganmeyer.com

*and*

Logan. C. Hughes
(Indiana Bar No. 6284896)
**REMINGER CO., L.P.A.**
College Park Plaza 8909
Purdue Road, Suite 200
Indianapolis, IN 46268
T: 317-853-7367
F: 317-228-09-43
lhughes@reminger.com

*and*

Brian P. Nally *(Pro Hac Vice Forthcoming)*
(Ohio Bar No. 0087611)
**REMINGER CO., L.P.A.**
101 W. Prospect Ave., Suite 1400
Cleveland, Ohio 44115
P: 216-687-1311
F: 216-687-1841
bnally@reminger.com

*Counsel for Plaintiff*

# EXHIBIT A

*[Filed under seal}*

# EXHIBIT B

*[Filed under seal}*

# EXHIBIT C

*[Filed under seal}*

# EXHIBIT D

*[Filed under seal}*